Per Curiam.

The primary contention of relator in this appeal is that the action of the clerk in levying execution on his money in the hands of the sheriff for the payment of the costs was illegal. He argues that, inasmuch as he pleaded guilty and was sentenced to the reformatory, the state and not he is liable for the costs.
Although relator cites as his authority Section 2949.14, Revised Code, apparently he is relying on the provisions of Section 2949.18, Revised Code, which reads as follows:
“When the Clerk of the Court of Common Pleas certifies on a cost bill that execution was issued under Section 2949.15 of the Revised Code, and returned by the sheriff ‘no goods, chattels, lands, or tenements found whereon to levy, ’ the person in charge of the penal institution to which the convicted felon was sentenced shall certify thereon the date on which the prisoner was received at the institution and the fees for transportation, whereupon the Auditor of State shall audit such cost bill and the fees for transportation, and issue his warrant on the Treasurer of State for such amount as he finds to be correct.”
However, the liability for the costs in a criminal prosecution wherein the accused either pleads or is found guilty is primarily upon the accused. Section 2947.23, Revised Code, and 14 Ohio Jurisprudence (2d), 76, Costs, Section 89. Section *3 2949.18, Revised Code, does not relieve the aeeused from liability, for such costs bnt provides only that the state shall reimburse the county for such costs in the event the accused does not have funds or property out of which the costs may be paid.
The determinative sections in this case are Sections 2949.14 and 2949.15, Revised Code. Under the provisions of Section 2949.14, Revised Code, the clerk has the duty to prepare a cost bill. Once such bill is prepared, in the event it is not paid Section 2949.15, Revised Code, places the mandatory duty upon the clerk to levy execution on the property of the accused to collect such costs. This section provides as follows:
‘ ‘ The Clerk of the Court of Common Pleas in which a person was convicted of a felony shall forthwith issue to the sheriff of the county in which the indictment was found, and to the sheriff of any other county in which the convict has property, executions against his property for fines and costs of prosecution, which shall be served and returned within ten days, with the proceedings of such sheriff or the want of property upon which to levy, indorsed thereon.
“When a levy is made upon property under such execution, a writ shall forthwith be issued by the clerk for the sale thereof, and such sheriff shall sell the property and make return thereof, and after paying the costs of conviction, execution, and sale, pay the balance to the person authorized to receive it. ’ ’
Money that an accused has in his possession at the time he is taken into custody and which is turned over to and remains in the possession of law enforcement officers is “property” within the meaning of this section and is subject to execution for the payment of the costs of the prosecution.
In the instant case, the clerk performed his legal duty in collecting the costs from property belonging to relator and has no duty to return such funds to him.
There being no error apparent in the record, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.